Whaley, Chief Justice,
delivered the opinion of the Court:
The plaintiff is suing for damages to his oyster beds caused by the dredging operations authorized by the defendant. Notice of the dredging was duly given by the War Department to the plaintiff and to the Commissioner of Fisheries of the Commonwealth of Virginia. The dredging was completed by defendant’s contractor. The oyster beds were traversed and as little injury done to plaintiff’s oyster interests as was possible, consistent with the nature and amount of dredging performed. The District Engineer recommended to the Chief of Engineers the payment of plaintiff’s claim in the sum of $4,000.00. Both parties agree on the damages and the amount recommended as being reasonable. The sole question raised is one of law.
The plaintiff is suing under Sec. 13 of the Rivers and Harbors Act of 1935, 49 Stat. 1028, which reads as follows:
That the Court of Claims shall have jurisdiction to hear and determine claims for damages to oyster growers upon private or leased lands or bottoms arising from dredging operation and use of other machinery and equipment in making such improvements; Provided, That suits shall be instituted within one year after such operations shall have terminated.
(U. S. C. Title 28, Sec. 250a; 49 Stat. 1049, as amended).
The dredging which caused the damage to plaintiff’s oyster grounds was not mentioned in the Rivers and Harbors Act of 1935 but was listed, authorized, and adopted by the Rivers and Harbors Act of 1940. A special private act was passed on September 30, 1944, Private Law 396 — 78th Congress, Chap. 466 — 2d session, after suit on this general act was commenced, giving the Court jurisdiction of the claim.
The defendant has raised the question that the Court of Claims has no jurisdiction of this claim for the reason that the words “such improvements” in the 1935 Act refer to improvements mentioned in that particular act and do not *165 apply to subsequent acts which provide for harbor improvements. The contention is that it is a special act applying to special cases named in the special Rivers and Harbors Act 1935 only.
We do not so construe the provision. It is a general provision of law placed in a special act to cover improvements of rivers and harbors through which damage is caused to the property of others, not only those improvements-which are mentioned in that act but to those improvements which may be authorized by subsequent acts and which may cause injury to oyster growers.
Heretofore Congress passed special acts allowing suit to be brought when oyster beds had been damaged by dredging authorized by the Rivers and Harbors Acts. Radel Oyster Company v. United States, 78 C. Cls. 816; Mansfield, et al. v. United States, 94 C. Cls. 397; and Shroeder Besse Oyster Co. v. United States, 95 C. Cls. 729.
The Board of Rivers and Harbors Engineers, under whom these improvements were made, was fully aware that damages resulted from the use of modern suction dredges. In Bailey v. United States, 62 C. Cls. 77, it was held that oyster lands below low-water mark were within the sovereign right to improve navigation and did not amount to a taking of private property for public use.
This Court in 1934 decided the Badel Oyster Company case, supra, which was brought under a special act, and held that the plaintiff had to prove the negligence of the Government. It was shown that the act of the agent was a tort for which the defendant would not be liable but for the special act giving this court jurisdiction for damages to oyster beds in Navigable waters. This general provision was placed in the 1935 act following that decision and the words “such improvements” referred to river and harbor improvements in general and did away with the necessity of the plaintiff proving negligence on the part of the Government’s agents. Under it oyster growers have only to prove damages as a result arising from dredging operations for harbor improvements and that the Government used machinery and equipment in making such improvements.
*166 The rule that special acts are to be strictly construed is not disturbed. This is not a special act but a general provision of law, giving jurisdiction to the Court of Claims to hear claims of oyster growers for damages, placed in a special Eivers and Harbors Act. Congress has repeatedly placed general law in special acts. See Townsley v. United States, 101 C. Cls. 237, affirmed by the Supreme Court January 16, 1945. Appropriation acts frequently carry general provisions. The Act of 1935 was an authorization act and it required an appropriation to carry out the provisions of the Act.
The amount of damages is not in controversy. Plaintiff is entitled to recover $4,000.00. It is so ordered.
MaddeN, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.